```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
MELISSA A. NOTT,                   )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) C.A. No. 19-663 WES
                                   )
BANK OF AMERICA, N.A.,             )
                                   )
          Defendant.               )
_____)
```

### MEMORANDUM AND ORDER

Before the court is Bank of America, N.A.'s ("Defendant" or "BOA") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No 9. For the reasons outlined below, the Court GRANTS Defendant's Motion.

I. Background

On February 12, 2009, Melissa Nott, formerly known as Melissa A. Boss ("Plaintiff"), executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") in the amount of $162,011.00[1] secured by the property located at 460 Ross Hill Road, Charleston, Rhode Island. Mem. of Points and Authorities in Supp.

---

[1] Plaintiff's Complaint appears to inaccurately state that the mortgage was executed in favor of BOA in the amount of $192,568.65, Compl. ¶ 8, while BOA states, correctly based on the attached mortgage document, that the mortgage was executed in favor of MERS in the amount of $162.011.00 and then later assigned to BOA.  Mot. to Dismiss Ex. B ("Mortgage"), ECF No. 9-3; Mot. to Dismiss Ex. C ("Assignment of Mortgage"), ECF No. 9-4. However, these facts are not determinative.

of Def. Bank of Am., N.A.'s Mot. to Dismiss 2-3 ("Mot. to Dismiss"), ECF No. 9-1; Mot. to Dismiss Ex. B ("Mortgage"), ECF No. 9-3.  MERS assigned the mortgage to Bank of America, N.A. ("BOA") on June 19, 2013 and it was recorded on July 1, 2013. Mot. to Dismiss 3; Mot. to Dismiss Ex. C ("Assignment of Mortgage"), ECF No. 9-4. Due to lack of payment, BOA conducted a foreclosure auction and sale of the property on January 23, 2019, and recorded the foreclosure deed on February 27, 2019.  Mot. to Dismiss 3; see Compl. ¶33; Mot. to Dismiss Ex. D at 2-3 ("Foreclosure Deed"), ECF No. 9-5.

Plaintiff filed the Complaint on September 20, 2019 in state Superior Court, alleging three causes of action against BOA: breach of mortgage contract (Count 1), violation of R.I. General Laws § 34-27-3.2 (Count II), and quiet title of the property (Count III). The case was then removed to this Court on December 23, 2019.  See Notice of Removal, ECF No. 1.

II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain factual allegations that are plausible on their face, rather than conclusory statements of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept well-pleaded facts, "draw[ing] all reasonable inferences therefrom in the pleader's favor."  A.G. ex rel. Maddox v. Elsevier, Inc., 732

F.3d 77, 80 (1st Cir. 2013) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)).

Courts may not consider documents that are outside the complaint, except "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Jefferson v. Bank of Am., N.A., No. CV 19-126 WES, 2020 WL 620247, at *2 (D.R.I. Feb. 10, 2020) (quoting Barkan v. Dunkin' Donuts, Inc., 520 F. Supp. 2d 333, 335-36 (D.R.I. 2007)).

III. Discussion

    A. Count I: Breach of Contract

Plaintiff alleges that BOA breached Paragraph 10 of the mortgage contract, which gives the mortgagor the right to pay a lump sum to the borrower to reinstate the loan.  Compl. ¶ 12-13; Mot. to Dismiss Ex. B ("Mortgage") ¶ 10.  Plaintiff fails to state a claim for breach of this contract clause because she does not allege that she made any lump sum payment or offered any such payment to BOA or any other mortgagee. See Jefferson, 2020 WL 620247, at *2 (dismissing claim for violation of mortgage reinstatement clause where the complaint lacked any allegation that Plaintiff offered a lump sum payment).

Plaintiff also alleges that BOA failed to comply with Paragraph 18 of the mortgage contract, which requires the mortgagee

to send a notice of sale prior to a foreclosure sale. Compl. ¶ 17-21. BOA recorded an Affidavit of Sale on February 19, 2019[2] detailing how it mailed notice to Plaintiff and publicized the foreclosure sale multiple times. Mot. to Dismiss Ex. D ("Affidavit of Sale"), ECF No. 9-5. Accordingly, Plaintiff has failed to state a claim as to breach of Paragraph 18. See Jefferson, 2020 WL 620247, at *2 (dismissing claim for violation of mortgage foreclosure procedure clause where defendant recorded an Affidavit of Sale demonstrating compliance).

    B. Count II: Violation of R.I.G.L § 34-27-3.2

Plaintiff alleges that BOA violated R.I.G.L § 34-24-3.2 by not attempting to engage Plaintiff in mediation before the foreclosure sale. Compl. ¶ 27. BOA contends that it did comply with the statute, that Plaintiff failed to comply, and that Plaintiff's claim is time barred by the statute of limitations. Mot. to Dismiss 8, 10-11. Under R.I.G.L § 34-27-3.2(d), "the mortgagee may not foreclose on the mortgage property without first participating in a mediation conference." Here, BOA has shown in the "Affidavit of Compliance with R.I. Gen. Laws § 34-27-3.2(m)" and "Certificate of Compliance with Mediation Requirement"

---

    [2] The Court may consider the Affidavit of Sale because it is public record. See Barkan v. Dunkin' Donuts, Inc., 510 F.Supp.2d 333, 335-36 (D.R.I. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

attached to the Foreclosure Deed that it did initiate such a conference with Plaintiff, that Rhode Island Housing attempted to contact the Plaintiff twice, and that Plaintiff failed to respond or to participate in the conference. Mot. to Dismiss 8-9; Mot. to Dismiss Ex. D at 27-31 ("Affidavit of Compliance"), ECF No 9-5; see R.I. Gen. Laws § 34-27-3.2(p) (stating that a certificate from the mediation coordinator certifying the mortgagee's good-faith effort to comply with the statute constitutes a rebuttable presumption that the notice requirements of subsection (d) have been met).  Therefore, Plaintiff has failed to state a claim in Count II.[3]

C. Count III: Quiet Title

BOA argues that Plaintiff fails to state a claim that she can quiet title because she does not have legal title to the property. Mot. to Dismiss 11; see Lister v. Bank of America, N.A., 790 F.3d 20, 24-25 (1st Cir. 2015) (finding that proof of legal title to the property is an essential element of a quiet title action). Here, Plaintiff has failed to allege that the mortgage is paid in full, and therefore BOA still holds legal title to the property.

---

[3] Additionally, BOA alleges that Plaintiff has failed to comply with the statute by not recording a notice of lis pendens within one year from the date of the first notice of foreclosure, as required by R.I. Gen. Laws § 34-27-3.2(p), and is therefore precluded from challenging the validity of the foreclosure now. Mot. to Dismiss 10-11.  Plaintiff did not respond to this argument, and the Court need not reach the issue.

See generally Compl.; see also Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069, 1078 (R.I. 2013) (explaining that a mortgagee holds legal title to the property until the loan is paid in full). Consequently, Plaintiff fails to state a plausible claim for quiet title.

IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No 9, is GRANTED.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
District Judge
Date: June 25, 2020